UNITED STATES DISTRICT COUR
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. - |
| ) | VIOLATIONS **04 CR 10334 RWZ** |
| v. ) | |
| ) | 18 U.S.C. §641 |
| JEFFREY HOLLIDAY, ) | (Embezzlement of United States Funds) |
| ) | |
| defendant. ) | |

## INFORMATION

The United States Attorney charges:

### GENERAL ALLEGATIONS

1. At times material to this Information, defendant JEFFREY HOLLIDAY resided at Fitchburg, in the District of Massachusetts.

2. At all times material to this Information, the Federal Bureau of Prisons ("BOP") was a component of the Department of Justice, a department of the United States Government.

3. At all times material to this Information, the BOP operated a Federal Medical Center ("FMC") at Devens, Massachusetts ("FMC Devens").

4. Beginning some time prior to September 8, 1998 and continuing until after January 29, 2002, Holliday was employed at FMC Devens, at times in the position of the Facilities Division Outside General Foreman and at other times in the position of the Facilities Division Inside General Foreman.

5. Beginning some time before November, 2000 Holliday was issued a government procurement credit card, to be used for the purchase and procurement of items needed in connection with the operation of FMC Devens.

6. At various times between November 14, 2000 and January 29, 2002, in his position as Outside and Inside General Foreman Holliday supervised FMC Devens employees who had also been issued government procurement credit cards.

7. As detailed below, on multiple occasions between in or about November 2000 and in or about January 2002, Holliday stole funds from the United States Government by arranging sham purchases using United States government credit cards.

I. "Company A" (November 14, 2000, to January 29, 2002)

8. On or about the dates listed below, Holliday used his own government credit cards and those of his subordinates to make numerous "purchases" from a vendor known to the United States Attorney ("Company A") totaling approximately $54,441.

| Date | Amount | Item Identified on Company A Invoice |
|---|---|---|
| 11/14/2000 | $2,480.00 | Alarm Covers |
| 12/19/2000 | $2,418.00 | Stainless Steel Forms |
| 1/8/2001 | $2,016.00 | Stainless Steel Forms |
| 2/20/2000 | $2,268.00 | Camera Mounts |
| 3/14/2001 | $2,290.00 | Stainless Steel Frames |
| 4/3/2001 | $2,471.00 | Metal Forms |
| 5/7/2001 | $2,300.00 | Metal Forms |
| 5/18/2001 | $1,494.00 | Metal Forms |
| 5/23/2001 | $2,443.00 | Forms |
| 6/27/2001 | $2,309.00 | Metal Forms |
| 6/29/2001 | $2,456.00 | Metal Frames |
| 7/2/2001 | $1,977.00 | Metal Frames |
| 7/10/2001 | $2,166.00 | Camera Mounts |
| 7/24/2001 | $2,454.00 | Metal Forms |
| 8/13/2001 | $2,433.00 | Metal Forms |
| 8/15/2001 | $1,530.00 | Metal Forms |
| 8/21/2001 | $1,763.00 | Metal Forms |
| 8/22/2001 | $1,461.00 | Metal Forms |
| 9/6/2001 | $2,233.00 | Work as directed |
| 9/10/2001 | $2,339.00 | Work as directed |
| 10/1/2001 | $1,425.00 | S.M. Flashing |

| Date | Amount | |
|---|---|---|
| 10/1/2001 | $1,830.00 | S.M. Flashing |
| 1/2/2002 | $2,130.00 | Concrete Forms |
| 1/4/2002 | $1,973.00 | Concrete Forms |
| 1/25/2002 | $2,230.00 | Concrete Forms |
| 1/29/2002 | $1,552.00 | Concrete Forms |
| **Total:** | $54,441.00 | |

9. None of the items listed in the Company A invoices at issue was delivered to FMC Devens, nor did Company A provide any goods or services to the United States Government or to FMC Devens in connection with these credit card transactions.

10. On or about the dates listed below, Company A provided Holliday with sixteen checks totaling approximately $50,950, which checks were made payable to individuals and entities known to the U.S. Attorney:

| Date | Amount | Payee |
|---|---|---|
| 11/6/2000 | $2,300.00 | Mr. T. |
| 12/22/2000 | $4,300.00 | Mr. M. |
| 1/8/2001 | $2,200.00 | Mr. T. |
| 4/3/2001 | $3,680.00 | Mr. T. |
| 5/7/2001 | $3,680.00 | Mr. T. |
| 5/23/2001 | $2,370.00 | Mr. T. |
| 6/4/2001 | $2,240.00 | Mr. T. |
| 6/29/2001 | $4,300.00 | Mr. T. |
| 7/10/2001 | $1,680.00 | Mr. T. |
| 7/24/2001 | $2,360.00 | Mr. T. |
| 8/14/2001 | $3,730.00 | Mr. T. |
| 8/21/2001 | $3,100.00 | Mr. T. |
| 9/10/2001 | $4,300.00 | Mr. T. |
| 10/10/2001 | $3,100.00 | Mr. T. |
| 1/4/2002 | $3,980.00 | Mr. T. |
| 1/25/2002 | $3,630.00 | Mr. T. |

|        | Total: | $50,950.00 |
|--------|--------|------------|

11. On various dates between on or about June 4, 2001 and on or about January 25, 2002, Holliday caused each of the sixteen checks from Company A to be negotiated and thereafter Holliday took possession and control of the proceeds.

II. "Company B" (March 5, 2001 to September 12, 2001)

12. On or about the dates listed below, Holliday used his own government credit cards and those of his subordinates to make numerous "purchases" from a vendor known to the United States Attorney ("Company B") totaling approximately $36,964.

| Date | Amount | Note on Company B Invoice |
|------|--------|---------------------------|
| 3/5/2001 | $2,004.50 | FT Devens - misc pmt |
| 3/15/2001 | $2,457.00 | Misc Deposits |
| 3/19/2001 | $2,418.00 | Misc Pmt - Ft Devins (sic) |
| 4/11/2001 | $2,470.00 | Ft Devins (sic) credit card |
| 4/18/2001 | $2,448.00 | Ft Devins (sic) credit card |
| 4/26/2001 | $100.00 | Ft Devins (sic) credit card |
| 5/10/2001 | $2,400.00 | Ft Devins (sic) credit card |
| 6/6/2001 | $2,400.00 | Ft Devins (sic) credit card |
| 7/2/2001 | $2,400.00 | Ft Devins (sic) credit card |
| 7/5/2001 | $2,400.00 | Ft Devins (sic) credit card |
| 7/11/2001 | $2,171.00 | Ft Devins (sic) credit card |
| 7/25/2001 | $2,390.00 | Ft Devins (sic) credit card |
| 8/23/2001 | $2,230.00 | Ft Devins (sic) credit card |
| 8/24/2001 | $1,586.00 | Misc deposits, Ft Devins (sic) credit card |
| 9/4/2001 | $2,350.00 | Ft Devins (sic) credit card |
| 9/4/2001 | $2,350.00 | Ft Devins (sic) credit card |
| 9/12/2001 | $2,389.50 | Ft Devins (sic) credit card |
| **Total:** | $36,964.00 | |

13. Company B did not provide any goods or services to the United States Government or to FMC Devens in connection with these credit card transactions.

14. On or about the dates listed below, Company B provided Holliday with fourteen checks totaling approximately $27,170, which checks were made payable to Mr. T., an individual known to the U.S. Attorney:

| Date | Amount |
|---|---|
| 3/13/2001 | $1,890.00 |
| 3/13/2001 | $1,860.00 |
| 4/9/2001 | $1,960.00 |
| 4/9/2001 | $1,900.00 |
| 5/7/2001 | $1,850.00 |
| 6/4/2001 | $1,860.00 |
| 7/2/2001 | $1,800.00 |
| 7/2/2001 | $1,850.00 |
| 7/9/2001 | $1,670.00 |
| 7/24/2001 | $1,850.00 |
| 8/21/2001 | $1,730.00 |
| 8/21/2001 | $1,220.00 |
| 8/30/2001 | $3,830.00 |
| 9/10/2001 | $1,900.00 |
| **Total:** | $27,170.00 |

15. On various dates between on or about March 5, 2001 and on or about September 12, 2001, Holliday caused each of the fourteen checks from Company B to be negotiated and thereafter Holliday took possession and control of the proceeds.

II. "Company C" (March 2001)

16. On or about March 14, 2001, a vendor known to the United States Attorney ("Company C") provided Holliday with a check in the amount of approximately $2,250.00, which check was made payable to Mr. T., an individual known to the U.S. Attorney.

17. In or about March and April 2001, Holliday used his government credit card to make a "purchase" from Company C in an amount of in excess of $2,250.

18. Company C did not provide any goods or services to the United States Government or to FMC Devens in connection with this credit card transaction.

## COUNT ONE

(Embezzlement of Public Money, 18 U.S.C. §641)

19. The United States Attorney repeats and incorporates by reference the allegations in paragraphs 1-18 of this Information and further charges:

20. Between on or about September 8, 1998, and on or about January 29, 2002 at Devens and elsewhere, in the District of Massachusetts,

**JEFFREY HOLLIDAY,**

defendant herein, did embezzle, steal, purloin and knowingly convert to his use and the use of another, money and things of value of the United States and of a department and agency thereof, to wit: moneys totaling $50,950.00, more or less, which Defendant Holliday caused to be charged to United States Government procurement credit cards by Company A.

All in violation of Title 18, United States Code, Section 641.

## COUNT TWO

(Embezzlement of Public Money, 18 U.S.C. §641)

21.   The United States Attorney repeats and incorporates by reference the allegations in paragraphs 1-18 of this Information and further charges:

22.   Between on or about September 8, 1998, and on or about September 12, 2001 at Devens and elsewhere, in the District of Massachusetts,

**JEFFREY HOLLIDAY,**

defendant herein, did embezzle, steal, purloin and knowingly convert to his use and the use of another, money and things of value of the United States and of a department and agency thereof, to wit: moneys totaling $36,964, more or less, which Defendant Holliday caused to be charged to United States Government procurement credit cards by Company B.

All in violation of Title 18, United States Code, Section 641.

## COUNT THREE

(Embezzlement of Public Money, 18 U.S.C. §641)

23. The United States Attorney repeats and incorporates by reference the allegations in paragraphs 1-18 of this Information and further charges:

24. On or about March 14, 2001 at Devens and elsewhere, in the District of Massachusetts,

**JEFFREY HOLLIDAY,**

defendant herein, did embezzle, steal, purloin and knowingly convert to his use and the use of another, money and things of value of the United States and of a department and agency thereof, to wit: moneys totaling $2,250.00, more or less, which Defendant Holliday caused to be charged to a United States Government procurement credit card by Company C.

All in violation of Title 18, United States Code, Section 641.

## SENTENCING ALLEGATIONS

25. With respect to Counts 1-3 of the Information, the loss caused by the offense and by acts and omissions that were part of the same course of conduct and common scheme, was more than $70,000, as described in U.S.S.G. §2B1.1.

26. With respect to Counts 1-3 of the Information, the defendant abused a position of public trust in a manner that significantly facilitated the commission and concealment of the offense, as describefcd in U.S.S.G. §3B1.3.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

dated: November 2, 2004

                          By: /s/ Paul G. Levenson
                              PAUL G. LEVENSON
                              Assistant U.S. Attorney
                              John Joseph Moakley United States Courthouse
                              1 Courthouse Way, Suite 9200
                              Boston, MA 02210
                              (617) 748-3147

☙JS 45 (5/97) - (Revised USAO MA 1/15/04)              04 CR 10334 RWZ

<u>Criminal Case Cover Sheet</u>                                    <u>U.S. District Court - District of Massachusetts</u>

Place of Offense: __FMC Devens__     Category No. __III__     Investigating Agency __DOJ-IG__

City __Ayer__                        Related Case Information:

County __Middlesex__                 Superseding Ind./ Inf. _____ Case No. _____
                                     Same Defendant _____ New Defendant _____
                                     Magistrate Judge Case Number __04-867-MBB__
                                     Search Warrant Case Number _____
                                     R 20/R 40 from District of _____

FILED IN CLERK'S OFFICE
2004 NOV -2  P 4:12
U.S. DISTRICT COURT
DISTRICT OF MASS.

**Defendant Information:**

Defendant Name __JEFFREY HOLLIDAY__                Juvenile  ☐ Yes  ☒ No

Alias Name _____

Address __45 Saint Martin Street, Fitchburg, MA 01420__

Birth date (Year only): __1963__  SSN (last 4 #): __2489__  Sex __M__  Race: __White__  Nationality: __USA__

Defense Counsel if known: __Charles McGinty__     Address: __Fed. Defender, 408 Atlantic Ave.__
                                                           __Boston, MA 02210__
Bar Number: _____

**U.S. Attorney Information:**

AUSA __Paul G. Levenson__                          Bar Number if applicable __553946__

Interpreter:   ☐ Yes  ☒ No      List language and/or dialect: _____

Matter to be SEALED:  ☐ Yes  ☒ No

  ☐ Warrant Requested         ☒ Regular Process         ☐ In Custody

**Location Status:**

Arrest Date: __n/a__

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____  ☐ Serving Sentence  ☐ Awaiting Trial
☒ On Pretrial Release:  Ordered by __MBB__            on __August 6, 2004__

**Charging Document:**     ☐ Complaint     ☒ Information     ☐ Indictment

**Total # of Counts:**     ☐ Petty _____  ☐ Misdemeanor _____  ☒ Felony __3__

Continue on Page 2 for Entry of U.S.C. Citations

☒    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
     accurately set forth above.

Date: __November 2, 2004__     Signature of AUSA: _[signature]_

04 CR 10334

%JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**    JEFFREY HOLLIDAY

U.S.C. Citations

| **Index Key/Code** | **Description of Offense Charged** | **Count Numbers** |
|---|---|---|
| Set 1   18 U.S.C. §641 | Embezzlement of United States Funds | 1-3 |
| Set 2 | | |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**